UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
LISA KURTZ and NORMAN KURTZ,

                             Plaintiffs,                    07 CIV 6505
                                                    (UA) (NRB)

          - against -

C.B. FLEET HOLDING COMPANY, INCORPORATED,    **ANSWER**
C.B. FLEET COMPANY, INC., GENOVESE DRUG
STORES, INC., ECKERD CORPORATION, and         **TRIAL BY JURY**
ECKERD STORE #5605,                          **DEMANDED**

                        Defendants.
---------------------------------------------------------------------X

       Defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION

i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605", upon information and

belief, answer the complaint herein as follows:

### AS AND TO THE SECTION OF THE COMPLAINT DESIGNATED "PARTIES"

      1.     Deny knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "1."

      2.     Deny knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "2."

      3.     Deny knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "3."

      4.     Deny knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "4."

      5.     Deny knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph of the complaint designated "5" except admit only that

C.B. FLEET COMPANY, INC. distributed Fleet® Phospho-soda® as an over-the-counter

482126.1

product for use as a laxative for the relief of occasional constipation, and that C.B. FLEET COMPANY, INC. distributed Fleet® Phospho-soda® for the separate and independent use as a bowel cleanser in preparation for certain medical procedures only upon the prescription or direction of a duly licensed physician pursuant to instruction provided by the physician in accordance with the warnings and other information contained in the professional use labeling available to physicians.  By way of further answer, answering defendants did not design, manufacture, package or market Fleet® Phospho-soda®.

6.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "6" except admit that C.B. FLEET COMPANY, INC. distributed Fleet® Phospho-soda® in the State of New York.

7.     Deny the allegations contained in the paragraph of the complaint designated "7" except admit that at certain times not specifically set forth in the complaint answering defendant GENOVESE DRUG STORES, INC. was and is incorporated in the State of Delaware with its principal place of business located in Camp Hill, Pennsylvania.

8.     Deny the allegations contained in the paragraph of the complaint designated "8" except admit that at certain times not specifically set forth in the complaint answering defendant ECKERD CORPORATION  was and is incorporated in the State of Delaware with its principal place of business located in Camp Hill, Pennsylvania.

9.     Denies the allegations contained in the paragraph of the complaint designated "9" except admits that at certain times not specifically set forth in the complaint answering defendant GENOVESE DRUG STORES, INC owns and operates a pharmacy retail store located at  273 Pine Hollow Road, Oyster Bay, New York.

10.     Deny the allegations contained in the paragraph of the complaint designated "10" insofar as they pertain to answering defendants, except admit that at certain

482126.1

times not specifically set forth in the complaint answering defendants transacted business in the State of New York and otherwise deny knowledge or information sufficient to form a belief as to these allegations and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**AS AND TO THE SECTION OF THE COMPLAINT
DESIGNATED "FACTS"**

11.      Deny the allegations contained in the paragraph of the complaint designated "11" in the manner alleged.  Answering defendants admit only that Fleet® Phospho-soda® may be purchased over-the-counter and by way of further answer, incorporate their response to paragraph "5."

12.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "12" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

13.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "13" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

14.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "14" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

15.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "15" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

16.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "16" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

17.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "17" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

18.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "18" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

19.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "19" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

20.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "20" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

21.     Deny the allegations contained in the paragraph of the complaint designated "21" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

22.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "22."

23.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "23."

24.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "24" regarding plaintiff's purchase of the product.  Otherwise the allegations of the paragraph designated "24" constitute conclusions of law to which no response is required and answering defendants beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

25.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "25."

26.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "26."

27.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "27."

28.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "28."

29.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "29."

30.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "30."

31.    In response to the paragraph of the complaint designated "31," answering defendants admit only that alternative bowel cleansers and purgatives are available each with attendant risks.  The remaining allegations contained in the paragraph of the complaint designated "31" are denied.  By way of further answer, the appropriate bowel cleansing regimen for a given patient should be determined by his or her physician and answering defendants incorporate their response to paragraph "5."

32.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "32."

33.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "33."

34.     Deny the allegations contained in the paragraph of the complaint designated "34" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and deny knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's particular age group at the time she allegedly used the product and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.  By way of further answer, answering defendants did not create the package or professional use labeling for Phospho-soda.

35.     Deny the allegations contained in the paragraph of the complaint designated "35" insofar as the allegations pertain to answering defendants and otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "34."

36.     Deny that answering defendants made any representations regarding Phospho-soda and therefore deny the allegations contained in paragraph "36" in their entirety, and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

37.     Deny that answering defendants made any representations with respect to Phospho-soda and therefore deny the allegations contained in the paragraph of the complaint

designated "37" in their entirety and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

38.    Deny that answering defendants made any representations with respect to Phospho-soda and deny the allegations contained in the paragraph of the complaint designated "38" in their entirety and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

39.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "39" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

40.    Deny the allegations contained in the paragraph of the complaint designated "40" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph regarding plaintiff's purchase of the product and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

41.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "41" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

42.    Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "42" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

43.    Deny the allegations contained in the paragraph of the complaint designated "43" in their entirety.  By way of further answer, answering defendants incorporate their response to paragraph "5."

482126.1

44.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "44."

45.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "45."

46.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated "46."

47.     Deny the allegations contained in the paragraph of the complaint designated "47" insofar as they pertain to Phospho-soda and otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

48.     The allegations contained in the paragraph of the complaint designated "48" constitute conclusions of law to which no response is required and answering defendants otherwise beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

49.     Deny the allegations contained in the paragraph of the complaint designated "49" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "34."

50.     The allegations contained in the paragraph of the complaint designated "50" constitute conclusions of law to which no response is required and answering defendants otherwise beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

### AS AND TO THE FIRST CAUSE OF ACTION

51.     Answering the paragraph of the complaint designated "51," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "50" with the same force and effect as if herein set forth at length.

52.     Deny the allegations contained in the paragraph of the complaint designated "52" in their entirety and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.  By way of further answer, answering defendants did not create the package or professional use labeling for Phospho-soda.

53.     Deny the allegation that Fleet® Phospho-soda® increased the "risk of kidney disease and other dangers and health risks" and therefore deny the allegations contained in the paragraph of the complaint designated "53" in their entirety.  By way of further answer, answering defendants did not design the pharmaceutical product in question.

54.     Answering the allegations contained in the paragraph of the complaint designated "54," answering defendants admit only that answering defendants expected that Phospho-soda would reach certain users without substantial change from, or alteration of, the condition in which it was received from the manufacturer and sold.

55.     Deny the allegations contained in the paragraph of the complaint designated "55" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

56.     Deny the allegations contained in the paragraph of the complaint designated "56" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

482126.1

57.    Deny the allegations contained in the paragraph of the complaint designated "57" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and  ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE SECOND CAUSE OF ACTION

58.    Answering the paragraph of the complaint designated "58," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "57" with the same force and effect as if herein set forth at length.

59.    Deny the allegations contained in the paragraph of the complaint designated "59" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.  By way of further answer, answering defendants incorporate their response to paragraph "5."

60.    Deny the allegations contained in the paragraph of the complaint designated "60" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their response to paragraph "5."

61.    Deny the allegations contained in the paragraph of the complaint designated "61" insofar as the allegations pertain to answering defendants, otherwise deny

knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

62.    Deny the allegations contained in the paragraph of the complaint designated "62" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

63.    Deny the allegations contained in the paragraph of the complaint designated "63" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE THIRD CAUSE OF ACTION

64.    Answering the paragraph of the complaint designated "64," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "63" with the same force and effect as if herein set forth at length.

65.    Deny the allegations contained in the paragraph of the complaint designated "65" insofar as the allegations pertain to answering defendants and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "34."

482126.1

66.    Deny the allegations contained in the paragraph of the complaint designated "66" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

67.    Deny the allegations contained in the paragraph of the complaint designated "67" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE FOURTH CAUSE OF ACTION

68.    Answering the paragraph of the complaint designated "68," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "67" with the same force and effect as if herein set forth at length.

69.    Deny the allegations contained in the paragraph of the complaint designated "69" and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants did not design the pharmaceutical product in question.

70.    Deny the allegations contained in the paragraph of the complaint designated "70" insofar as the allegations pertain to answering defendants, otherwise deny

knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

71.    Deny the allegations contained in the paragraph of the complaint designated "71" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "69."

72.    Deny the allegations contained in the paragraph of the complaint designated "72" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

73.    Deny the allegations contained in the paragraph of the complaint designated "73" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and  ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE FIFTH CAUSE OF ACTION

74.    Answering the paragraph of the complaint designated "74," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs

482126.1

of the complaint designated "1" through "73" with the same force and effect as if herein set forth at length.

75.    Deny the allegations contained in the paragraph of the complaint designated "75" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their response to paragraph "5."

76.    Deny the allegations contained in the paragraph of the complaint designated "76" insofar as the allegations pertain to answering defendants and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

77.    Deny the allegations contained in the paragraph of the complaint designated "77" insofar as the allegations pertain to answering defendants and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE SIXTH CAUSE OF ACTION

78.    Answering the paragraph of the complaint designated "78," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "77" with the same force and effect as if herein set forth at length.

79.    Deny the allegations contained in the paragraph of the complaint designated "79" insofar as the allegations pertain to answering defendants, otherwise deny

482126.1

knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants did not create the package or professional use labeling.

80.    Deny the allegations contained in the paragraph of the complaint designated "80" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "79."

81.    Deny the allegations contained in the paragraph of the complaint designated "81" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

82.    Deny the allegations contained in the paragraph of the complaint designated "82" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

482126.1

## AS AND TO THE SEVENTH CAUSE OF ACTION

83.    Answering the paragraph of the complaint designated "83," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "82" with the same force and effect as if herein set forth at length.

84.    Deny the allegations contained in the paragraph of the complaint designated "84" insofar as the allegations pertain to answering defendants and deny answering defendants made any express representations to plaintiff on the Fleet® Phospho-soda® package and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.  By way of further answer, answering defendants did not create the package or professional use labeling for Fleet® Phospho-soda® and incorporate their responses to paragraphs "5" and "34."

85.    Deny the factual allegations contained in the paragraph of the complaint designated "85" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "84."

86.    Deny the allegations contained in the paragraph of the complaint designated "86" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information to form a belief as to the allegations of the paragraph, and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.  By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "84."

482126.1

87.    Deny the allegations contained in the paragraph of the complaint designated "87" insofar as the allegations pertain to answering defendants and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

### AS AND TO THE EIGHTH CAUSE OF ACTION

88.    Answering the paragraph of the complaint designated "88," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "87" with the same force and effect as if herein set forth at length.

89.    The allegations contained in the paragraph of the complaint designated "89" constitute conclusions of law to which no response is required and answering defendants otherwise beg leave to refer all questions of law to the court and questions of fact to the trier thereof.  By way of further answer, answering defendants incorporate their response to paragraph "5."

90.    Deny the allegations contained in the paragraph of the complaint designated "90" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their response to paragraph "5."

482126.1

91.    Deny the allegations contained in the paragraph of the complaint designated "91" insofar as the allegations pertain to answering defendants and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and  ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE NINTH CAUSE OF ACTION

92.    Answering the paragraph of the complaint designated "92," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "91" with the same force and effect as if herein set forth at length.

93.    Deny the allegations contained in the paragraph of the complaint designated "93" insofar as the allegations pertain to answering defendants, deny answering defendants made any express representations to plaintiff on the Fleet® Phospho-soda® package, otherwise deny knowledge and information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.  By way of further answer, answering defendants did not create the package or professional use labeling for Fleet® Phospho-soda® and incorporate their response to paragraph "5."

94.    Deny the allegations contained in the paragraph of the complaint designated "94" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

482126.1

By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "93."

        95.    Deny the allegations contained in the paragraph of the complaint designated "95" insofar as the allegations pertain to answering defendants and otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "93."

        96.    Deny answering defendants made any misrepresentations with respect to Fleet® Phospho-soda® and therefore deny the allegations contained in the paragraph of the complaint designated "95" in their entirety and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.   By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "93."

        97.    Deny the allegations contained in the paragraph of the complaint designated "97" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof. By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "93."

        98.    Deny the allegations contained in the paragraph of the complaint designated "98" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph.  By way of further answer, answering defendants incorporate their responses to paragraphs "5" and "93."

482126.1

99.     Deny the allegations contained in the paragraph of the complaint designated "99" insofar as the allegations pertain to answering defendants, otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants  GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and  ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

## AS AND TO THE TENTH CAUSE OF ACTION

100.     Answering the paragraph of the complaint designated "100," answering defendants repeat and reallege each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "99" with the same force and effect as if herein set forth at length.

101.     Deny the allegations contained in the paragraph of the complaint designated "101" insofar as the allegations pertain to the answering defendants and otherwise deny knowledge or information sufficient to form a belief as to the allegations of this paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

102.     Deny the allegations contained in the paragraph of the complaint designated "102" insofar as the allegations pertain to answering defendants and otherwise deny knowledge or information sufficient to form a belief as to the allegations of the paragraph and beg leave to refer all questions of law to the court and all questions of fact to the trier thereof.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and  ECKERD STORE # 5605" demand

482126.1

judgment dismissing the complaint herein, together with the costs and disbursements of this action.

### FOR A FIRST DEFENSE

103.    This action was not commenced against the answering defendants until after the expiration of the time period specified in the applicable statute(s) of limitations for each cause of action and any recovery based on the alleged causes of action herein is barred.

### FOR A SECOND DEFENSE

104.    Answering defendants did not design, manufacture, package, label or market Fleet® Phospho-soda®.

### FOR A THIRD DEFENSE

105.    That the equitable share of liability, if any, of answering defendants shall be determined pursuant to the provisions of Article 16 of the CPLR.

### FOR A FOURTH DEFENSE

106.    Plaintiffs' claims are barred under the learned intermediary doctrine and sophisticated user doctrine.

### FOR A FIFTH DEFENSE

107.    Plaintiffs have failed to mitigate their alleged damages claimed herein.

### FOR A SIXTH DEFENSE

108.    The amount of alleged damages claimed by plaintiffs should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

### FOR A SEVENTH DEFENSE

109.    That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiffs were caused, in whole or in part, by the culpable conduct of

482126.1

plaintiff and without any negligence on the part of answering defendants. Damages, if any, are to be diminished proportionally to the culpable conduct of plaintiff.

### FOR AN EIGHTH DEFENSE

110.    If plaintiffs sustained the injuries and damages alleged, then said injuries and damages resulted from plaintiff's misuse of the product in such a manner as was not and could not reasonably be anticipated by answering defendants.

### FOR A NINTH DEFENSE

111.    If plaintiffs sustained the injuries and damages as alleged, then said injuries and damages resulted from the plaintiff's knowing and voluntary assumption of the risk of the use of the product.

### FOR A TENTH DEFENSE

112.    The plaintiff provided her informed consent.

### FOR AN ELEVENTH DEFENSE

113.    That plaintiff's alleged injuries, if any, were not the result of any act or omission on the part of answering defendants but exist by reason of operation of nature or idiosyncratic or allergic reaction over which answering defendants had no control.

### FOR A TWELFTH DEFENSE

114.    Plaintiffs' damages are barred or limited by virtue of the fact that the injuries asserted are due to a preexisting condition and are not the result of the use of Fleet® Phospho-soda®.

### FOR A THIRTEENTH DEFENSE

115.    If plaintiff sustained the injuries and damages alleged, then said injuries and damages would not have occurred but for the fact that the product was altered or modified after it left the answering defendants' possession and control. Said alteration or modification

482126.1

was not made in accordance with the instructions of answering defendants and was not the result of conduct that reasonably should have been anticipated by answering defendants.

### FOR A FOURTEENTH DEFENSE

116.    If plaintiffs sustained the injuries and damages alleged then said injuries and damages are proximally caused by persons and/or entities not connected with answering defendants and for whom answering defendants bears no legal responsibility.

### FOR A FIFTEENTH DEFENSE

117.    That plaintiffs' injuries and damages, if any, were caused exclusively by the intervening, superseding negligence of others.

### FOR A SIXTEENTH DEFENSE

118.    That the product is not unreasonably dangerous.

### FOR A SEVENTEENTH DEFENSE

119.    That plaintiff's injuries were not reasonably foreseeable.

### FOR AN EIGHTEENTH DEFENSE

120.    Plaintiffs' claims are barred, because the benefit of the products at issue outweighed the risks, if any, that might be associated with the product.

### FOR A NINETEENTH DEFENSE

121.    Answering defendants did not have actual or constructive notice of the defects alleged or dangerous conditions.

### FOR A TWENTIETH DEFENSE

122.    That one or more of the causes of action in the complaint fail to state a cause of action upon which relief may be granted.

482126.1

### FOR A TWENTY-FIRST DEFENSE

123.    Pursuant to New York law and Restatement (Second) of Torts, § 402A, comment k and Restatement (Third) of Torts, section 6, the Fleet® Phospho-soda® product at issue is not deemed defective or unreasonably dangerous given that Fleet® Phospho-soda® product was accompanied by proper directions and adequate warnings.

### FOR A TWENTY-SECOND DEFENSE

124.    That any cause of action premised on breach of warranty, express or implied, is barred by the applicable provisions of N.Y.U.C.C.

### FOR A TWENTY-THIRD DEFENSE

125.    The complaint fails to plead the necessary elements of fraud/deceit.

### FOR A TWENTY-FOURTH DEFENSE

126.    The complaint fails to state a cause of action pursuant to General Business Law § 349 and General Business Law § 350.  Plaintiffs' claim for statutory fraud based upon answering defendants' alleged violations of General Business Law § 349 and § 350 are barred because answering defendants' advertising complies with the rules and regulations and the statutes administered by the Federal Trade Commission including but not limited to 15 U.S.C. § 45, 15 U.S.C. § 52, 15 U.S.C. § 55, and 16 C.F.R. § 255.1 as well as Food and Drug Administration regulations.

### FOR A TWENTY-FIFTH DEFENSE

127.    Plaintiffs' claims are barred by the doctrine of federal preemption.

### FOR A TWENTY-SIXTH DEFENSE

128.    Discovery may show that the plaintiffs' claims are barred or limited by virtue of the fact that plaintiff was not a foreseeable user of Fleet® Phospho-soda®.

482126.1

## FOR A TWENTY-SEVENTH DEFENSE

129.    That any claims for punitive damages contained in the complaint fail to state a claim upon which relief may be granted, violate various provisions of the Constitution of the United States and the State of New York, and violate various statutory proscriptions thereof.

## FOR A TWENTY-EIGHTH DEFENSE

130.    Answering defendants alleges that it committed no act or omission that was malicious, oppressive, willful, wanton, reckless or grossly negligent and therefore, any award of punitive damages is barred.

## FOR A TWENTY-NINTH DEFENSE

131.    With respect to plaintiffs' demand for punitive damages, answering defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003). and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## FOR A THIRTIETH DEFENSE

132.    That the complaint does not set forth a basis for punitive damages.

## FOR A THIRTY-FIRST  DEFENSE

133.    If plaintiff sustained the injuries and damages as alleged, then said injuries and damages resulted from plaintiff's failure to use the product properly, or negligent use of the product.

482126.1

### FOR A THIRTY-SECOND DEFENSE

134.    Answering defendants incorporate all of the defenses set forth under General Business Law §§ 349 and 350.

### FOR A THIRTY-THIRD DEFENSE

135.    To the extent that plaintiffs request attorneys' fees, such request is improper under applicable law.

### FOR A THIRTY-FOURTH DEFENSE

136.    Answering defendants deny any paragraph or any portions of any paragraph in the complaint not previously referred to herein.

### FOR A THIRTY-FIFTH DEFENSE

137.    The answering defendants give notice that they intend to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, defendants GENOVESE DRUG STORES, INC. and ECKERD CORPORATION i/s/h/a "ECKERD CORPORATION and ECKERD STORE # 5605" demand judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated:  New York, New York
        October 2, 2007

482126.1

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: _____
DENISE A. HOLZKA (DH 9998)
Attorneys for Defendants
C.B. FLEET HOLDING COMPANY,
INCORPORATED, C.B. FLEET
COMPANY, INC., GENOVESE DRUG
STORES, INC. and ECKERD
CORPORATION i/s/h/a "ECKERD
CORPORATION and ECKERD STORE #
5605"
Office & P.O. Address
99 Park Avenue
New York, New York  10016
T.  (212) 286-8585
F.  (212) 490-8966

To:     Bernard Daskal, Esq.
        Lynch, Daskal, Emery, LLP
        Attorneys for Plaintiffs
        264 West 40th Street
        New York, New York  10018
        T.  (212) 302-2400
        F.  (212) 302-2210

482126.1